# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-502V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | * | |
| DEAN PIERMATTEI, | * | |
| | * | |
| Petitioner, | * | Special Master Jennifer A. Shah |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Filed: December 27, 2024 |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

*Lawrence Cohan,* Saltz Mongeluzzi & Bendesky, Philadelphia, PA, for Petitioner.
*Katherine Esposito,* United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 24, 2020, Dean Piermattei ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleged that he developed Guillain-Barré syndrome ("GBS") and chronic inflammatory demyelinating polyneuropathy ("CIDP") from an influenza vaccine he received on September 26, 2018. *See id*. On January 2, 2024, the parties filed a stipulation, which former Special Master Katherine E. Oler adopted in a Decision awarding compensation filed that same day. ECF Nos. 64, 65. Petitioner was awarded $85,000.00. ECF No. 65.

On July 31, 2024, Petitioner filed an application for final attorneys' fees and costs ("Fees

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) ("Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

App."). ECF No. 69. Petitioner requests total attorneys' fees and costs in the amount of $29,678.74. Fees App. at 2. Petitioner confirms that he personally has not incurred any costs related to the prosecution of his petition. Fees App., Ex. C. Respondent responded to the motion ("Fees Resp.") on August 13, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Fees Resp. at 2, 4 (ECF No. 70). Petitioner did not file a reply but did file a Notice of Additional Authority on September 26, 2024. ECF No. 46.

This matter is now ripe for consideration.

## I.   **Attorneys' Fees and Costs**

Section 15(e)(1) of the Vaccine Act allows the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Attorneys' Fees

Petitioner retained Mr. Lawrence Cohan and the Saltz Mongeluzzi & Bendesky law firm to represent him in this matter. *See generally* Fees App. Petitioner requests a total of $25,401.10 in attorneys' fees. Fees App. at 2.

#### 1. Reasonable Hourly Rates

In general, the reasonable hourly rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney."

*Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorney's experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the reasoning of *McCulloch* and issues an annual Fee Schedule based on that decision.[3]

Petitioner requests the following rates of compensation for his attorney, Mr. Lawrence Cohan: $450.00 per hour for work performed in 2019, $470.00 per hour for work performed in 2020, $484.00 per hour for work performed in 2021, $505.00 per hour for work performed in 2022, $553.00 per hour for work performed in 2023, and $584.00 per hour for work performed in 2024. Fees App. at 1. Mr. Cohan and his paralegal have been awarded their 2019-2023 rates. *See, e.g., Plavnik v. Sec'y of Health & Hum. Servs.*, No. 20-1097V, 2024 WL 3495203, at *1 (Fed. Cl. Spec. Mstr. June 12, 2024); *Sanchez v. Sec'y of Health & Hum. Servs.*, No. 18-1012V, 2022 WL 17822503, at *2-4 (Fed. Cl. Spec. Mstr. Nov. 18, 2022). Mr. Cohan's 2024 hourly rate had not yet been set when this Fees Application was filed. Petitioner also requests an increased 2024 paralegal/law clerk hourly rate of $197.00. *Id.* at 1-2. Respondent did note Petitioner's requested increased hourly rate for 2024 and urged the Court to consider counsel's experience in the Vaccine Program, overall legal or medical experience, quality of work, and reputation. *See* Fees Resp. at 3. Respondent did not raise any specific concerns or reasons why I should not award counsel's requested increased hourly rate.

Chief Special Master Corcoran has approved counsel's increased 2024 hourly rates, and I find them to be reasonable as well. I also approve of the requested paralegal rate. *See, e.g., Myers v. Sec'y of Health & Hum. Servs.*, No. 20-1007V, 2024 WL 2944212 at *1 (Fed. Cl. Spec. Mstr. May 6, 2024).

### 2. Reasonable Hours Expended

---

[3] The 2019 Fee Schedule can be accessed at:
https://www.uscfc.uscourts.gov/sites/cfc/files/osm_hourly_rate_2019.pdf.
The 2020 Fee Schedule can be accessed at:
https://www.uscfc.uscourts.gov/sites/cfc/files/osm_hourly_rate_2020.pdf.
The 2021 Fee Schedule can be accessed at:
https://www.uscfc.uscourts.gov/sites/cfc/files/osm_hourly_rate_2021.pdf.
The 2022 Fee Schedule can be accessed at:
https://www.uscfc.uscourts.gov/sites/cfc/files/osm_hourly_rate_2022.pdf.
The 2023 Fee Schedule can be accessed at:
https://www.uscfc.uscourts.gov/sites/cfc/files/osm_hourly_rate_2023.pdf.
The 2024 Fee Schedule can be accessed at:
https://www.uscfc.uscourts.gov/sites/cfc/files/osm_hourly_rate_2024.pdf.
The hourly rates contained within the schedules are updated based on *McCulloch*, 2015 WL 5634323.

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be reasonable. I have reviewed the billing entries and find that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has Respondent identified any entries as objectionable.

Accordingly, Petitioner is awarded final attorneys' fees in the amount of **$25,401.10**.

### B. Reasonable Costs

Petitioner requests a total of $4,277.64 in attorneys' costs: $68.75 for shipping costs; $508.89 for medical record requests; $3,300.00 for a vocational economic evaluation; and $400.00 for the Court's filing fee. *See* Fees App., Ex. 2 at 1. Petitioner provided documentation of the shipping costs, medical record requests, vocational economic evaluation, and the Court's filing fee, and I find those expenses to be appropriate. Respondent has not raised any objections to any of Petitioner's costs. Accordingly, I grant Petitioner's requested costs of **$4,277.64** in full.

## II. Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of fee and cost awards, and based on the foregoing, I **GRANT** Petitioner's application, as follows:

- A lump sum in the amount of **$29,678.74**, representing reimbursement of Petitioner's attorneys' fees and costs, in the form of a check jointly payable to Petitioner and his attorney, Lawrence Cohan.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).